Allison Vasquez Saunders, Bar No. 220010
Stefan H. Black, Bar No. 284499
Hilda Aguilar, Bar No. 276459
**FORD & HARRISON LLP**
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: 213-237-2400
Facsimile: 213-237-2401

Attorneys for Defendants
WAL-MART STORES, INC. and
WAL-MART ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARINA RUIZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., WAL-MART ASSOCIATES, INC., and DOES 1-10,,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANTS WAL-MART STORES, INC. AND WAL-MART ASSOCIATES, INC. PURSUANT TO 28 §§ 1332, 1441 AND 1446**<br><br>Action Filed:   May 12, 2017<br>Date of Removal: June 19, 2017 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

**PLEASE TAKE NOTICE** that Defendants Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc. (collectively, "***Wal-Mart***") files this notice of removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

I. **INTRODUCTION**

1. Plaintiff Karina Ruiz ("***Plaintiff***") filed a complaint on May 12, 2017, in the Superior Court of California, County of Kern, titled "*Karina Ruiz v. Wal-Mart Stores, Inc., Wal-Mart Associates, Inc. & Does 1-15*," Case No. BCV-17-101088 (the "***State Court Action***"). (Declaration of Stefan H. Black ("***Black***

Ford & Harrison LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\amoreno\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\H3Z80W91\Wal-Mart -Karina Ruiz- Notice of Removal FINAL.DOCX

-1-

NOTICE OF REMOVAL
CASE NO.

*Decl.*") ¶ 4.)

2. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of the entire file or record in the State Court Action, including all process, pleadings, and orders served upon Wal-Mart in this action, is attached to the Declaration of Stefan H. Black as **Exhibit A**. (Black Decl. ¶¶ 5-7, Exs. A-B.)

3. On the same day that Wal-Mart's Notice of Removal was filed, Wal-Mart filed an answer with the Clerk of the Superior Court of California, County of Kern. (Black Decl. ¶ 6, Ex. B.)

4. Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on or received by Wal-Mart and/or filed in the State Court Action. To Wal-Mart's knowledge, no further process, pleadings, or orders related to this case have been filed in Superior Court of California, Kern County, or served by any party. (Black Decl. ¶ 7.)

## II. NATURE OF THE SUIT

5. The Complaint filed in the State Court Action alleges the following causes of action: (1) pregnancy discrimination in violation of the Fair Employment and Housing Act ("***FEHA***"); (2) violation of pregnancy disability leave; (3) disability discrimination in violation of the FEHA; (4) retaliation in violation of the FEHA; (5) failure to prevent and remedy discrimination and retaliation in violation of the FEHA; (6) failure to engage in the interactive process in violation of the FEHA; (7) failure to provide reasonable accommodation in violation of the FEHA; (8) violation of Healthy Workplaces, Healthy Families Act; (9) waiting time penalties pursuant to Ca. Labor Code 201-203; (10) interference in violation of the CFRA; (11) retaliation in violation of the CFRA; (12) wrongful termination in violation of public policy; (13) Private Attorneys General Act pursuant to Cal. Labor Code 2698, et seq.; and (14) unfair business practices in violation of Business & Professions Code 17200, et seq.

///

Ford & Harrison LLP
Attorneys At Law
Los Angeles

C:\Users\amoreno\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\H3Z80W91\Wal-Mart -Karina Ruiz- Notice of Removal FINAL.DOCX

- 2 -

NOTICE OF REMOVAL
CASE NO.

### III. BASIS FOR REMOVAL: DIVERSITY

6. A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. §1332(a). "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. §1441(a). Therefore, a state court action may be removed if (1) the action is between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Each of these requirements is met in this case.

#### A. Complete Diversity of Citizenship

7. Plaintiff resides in Kern County, California. (Compl. ¶ 6.) "The place where a [person] lives is properly taken to be his domicile until facts adduced establish the contrary." *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941)). In the instant case, no facts have been adduced to rebut the presumption that Plaintiff is domiciled in California. Therefore, Plaintiff is a citizen of the State of California for diversity purposes.

8. "[A] corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

9. Wal-Mart Stores, Inc. is incorporated under the laws of the State of Delaware. (Black Decl. ¶ 8.) Wal-Mart Stores, Inc.'s principal place of business is in Arkansas. (Black Decl. ¶¶ 9-10, Ex. C.) Accordingly, Wal-Mart Stores, Inc. is a citizen of Delaware and Arkansas for diversity purposes.

10. Wal-Mart Associates, Inc. is incorporated under the laws of the State of Delaware. (Black Decl. ¶ 8.) Wal-Mart Associates, Inc.'s principal place of business is in Arkansas. (Black Decl. ¶¶ 9-10, Ex. C.) Accordingly, Wal-Mart Associates, Inc. is a citizen of Delaware and Arkansas for diversity purposes.

///

Ford & Harrison LLP
Attorneys At Law
Los Angeles

C:\Users\amoreno\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\H3Z80W91\Wal-Mart -Karina Ruiz- Notice of Removal FINAL.DOCX

- 3 -

NOTICE OF REMOVAL
CASE NO.

11. Because Plaintiff is a citizen of California and Wal-Mart is a citizen of Delaware and Arkansas, complete diversity exists between the parties.

### B. Amount in Controversy Exceeds $75,000

12. A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, S. Ct. 547, 554 (2014); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

13. While Wal-Mart denies any liability to Plaintiff whatsoever, Wal-Mart asserts, based on the allegations in the Complaint and Plaintiff's prayer for relief, that the amount in controversy exceeds $75,000.

14. Plaintiff began working at Wal-Mart as a Deli Associate at the Wal-Mart Neighborhood Market on Brundage Lane in Bakersfield, California in April, 2015. (Compl. ¶¶ 12-13.) Plaintiff alleges that while she was employed, she was subjected to discrimination and retaliation as a result of her pregnancy as well as her request for accommodation related to pregnancy and/or pregnancy-related conditions. (Compl. ¶1.) Plaintiff also alleges that an assistant manager made negative comments to her when she informed him that she would need to use vacation time due to her pregnancy. (Compl. ¶ 16.) Plaintiff alleges that management further refused to accept her doctor's notes excusing the absences underlying her termination. (Compl. ¶¶ 21-25.) Plaintiff's last day of employment at Wal-Mart was June 8, 2016. (Compl. ¶¶ 3, 24-25.)

15. By this lawsuit, Plaintiff seeks general and special damages (lost wages, emotional distress), statutory and civil penalties pursuant to the Cal. Labor Code 203 and the Private Attorneys' General Act, punitive damages, attorneys' fees and costs, and such other relief as the court finds proper. (Compl. at Prayer for Relief.)

Ford & Harrison LLP
Attorneys At Law
Los Angeles

C:\Users\amoreno\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\H3Z80W91\Wal-Mart -Karina Ruiz- Notice of Removal FINAL.DOCX

- 4 -

NOTICE OF REMOVAL
CASE NO.

16. Plaintiff's hourly rate upon her termination was $11.64. While she was working, Plaintiff worked approximately thirty-five or more hours per week. Based on these facts, Plaintiff is expected to seek at least $21,592.20 in back pay as of the filing of this notice of removal ($11.64 per hour x 35 hours per week x 53 weeks).

17. Plaintiff also seeks to recover future wages. *Huck v. Kone, Inc.*, No. C 10-1845 RS, 2011 WL 31108 at *4 (N.D. Cal. Jan. 5, 2011) (holding that because the plaintiff was 52 years old, he could potentially recover 13 years' of lost wages). Although Wal-Mart denies such relief would be appropriate, even one year of front pay would equal $21,184.80 ($11.64 per hour x 35 hours per week x 52 weeks per year).

18. As such, the amount in controversy with respect to Plaintiff's front pay and back pay claims alone equals $42,777.00.

19. Plaintiff is also seeking to recover an unspecified amount of damages for emotional distress. The district court decision in *Rivera v. Costco Wholesale Corporation*, No. C 08-02202 CW, 2008 WL 2740399 at *3-4 (N.D. Cal July 11, 2008) is instructive on this point. There, a plaintiff filed a FEHA wrongful termination claim (disability discrimination) but did not specify the amount sought for emotional distress. The Court held that because recent jury verdicts in similar cases exceeded $200,000, the defendant established that the plaintiff's claim surpassed the $75,000 threshold. The same result is warranted here.

20. Plaintiff is also seeking to recover her attorneys' fees and costs pursuant to California Government Code § 12965(b). (Compl. at Prayer for Relief.) It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount in controversy for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be

Ford & Harrison LLP
Attorneys At Law
Los Angeles

C:\Users\amoreno\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\H3Z80W91\Wal-Mart -Karina Ruiz- Notice of Removal FINAL.DOCX

- 5 -

NOTICE OF REMOVAL
CASE NO.

included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail). While Plaintiff's attorneys' fees cannot be precisely calculated from the face of the Complaint, it is reasonable to assume that the amount of attorneys' fees Plaintiff could incur in the course of this matter may exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002).

21.  The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 43 F.Supp.2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002) (citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000).

22.  Plaintiff's waiting time period claim is worth thirty days' pay ($2,793.60) plus attorneys' fees.

23.  Plaintiff also seeks an unspecified amount of penalties under PAGA "because of Defendants' violations of numerous provisions of the California Labor Code." (Compl. ¶ 146.)

24.  Plaintiff also seeks open-ended relief as "such other relief as the Court deems proper." Although uncertain in amount, this additional damages claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F.Supp.2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\amoreno\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\H3Z80W91\Wal-Mart -Karina Ruiz- Notice of Removal FINAL.DOCX

- 6 -

NOTICE OF REMOVAL
CASE NO.

plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000.)

25. Wal-Mart denies that Plaintiff's claims have any merit. Wal-Mart also denies that Plaintiff suffered any damages. However, when the relief sought (*i.e.*, back pay, front pay, emotional distress, attorneys' fees, punitive damages, waiting time penalties, and PAGA penalties) is taken as a whole, the amount in controversy for Plaintiff's claims exceeds the $75,000 jurisdictional requirement, exclusive of interest and costs.

26. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## IV.   THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

27. Pursuant to 28 U.S.C. § 1446(a), Wal-Mart has attached to this notice and the declaration of Stefan H. Black, all pleadings, process, orders, and all other filings in the state court action. (Black Decl. ¶¶ 5-7, Exs. A-B.)

28. Plaintiff served a copy of the Complaint and the Summons on May 19, 2017. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

29. Wal-Mart will promptly file and serve a notice of removal to the Clerk of Superior Court of California, County of Kern. (*See* Black Decl. ¶ 11, Ex. D.)

30. As required by 28 U.S.C. §1446(d), Wal-Mart will give notice of this removal to Plaintiff. (Black Decl. ¶ 11, Ex. D.)

## V.   VENUE

31. This action was brought and is pending before the Superior Court of California, Kern County.

32. Kern County, California is located within the Eastern District of California.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\amoreno\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\H3Z80W91\Wal-Mart -Karina Ruiz- Notice of Removal FINAL.DOCX

- 7 -

NOTICE OF REMOVAL
CASE NO.

33. Thus, venue is proper pursuant to 28 U.S.C. § 84(c)(2) because this is the "district and division embracing the place where [Plaintiff's] action is pending." 28 U.S.C. §1441(a), & 1446(a).

## VI. CONCLUSION

WHEREFORE, Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc. pray that the Court will remove this civil action from the Superior Court of the State of California, Kern County, to the United States District Court for the Eastern District of California. By removing the action to this Court, Wal-Mart does not waive any defenses, objections, or motions available to it under state or federal law.

Dated: June 16, 2017

Respectfully submitted,

FORD & HARRISON LLP

By: _____
Allison Vasquez Saunders
Stefan H. Black
Hilda Aguilar
Attorneys for Defendant
WAL-MART STORES, INC. and
WAL-MART ASSOCIATES, INC.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\amoreno\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\H3Z80W91\Wal-Mart -Karina Ruiz- Notice of Removal FINAL.DOCX

- 8 -

NOTICE OF REMOVAL
CASE NO.

# PROOF OF SERVICE

I, Irma Moreno, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On June 16, 2017, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION BY DEFENDANTS WAL-MART STORES, INC. and WAL-MART ASSOCIATES, INC. PURSUANT TO 28 §§ 1332, 1441 AND 1446**

[X] **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

[ ] **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

| | |
|---|---|
| Michael S. Morrison, Esq.<br>Amelia Alvarez, Esq.<br>Jessica S. Choi, Esq.<br>Alexander Krakow + Glick LLP<br>401 Wilshire Blvd., Suite 1000<br>Santa Monica, CA 90401<br>Telephone: (310) 394-0888<br>Facsimile: (310) 394-0811<br>E-Mail: mmorrison@akgllp.com<br>aalvarez@akgllp.com<br>jchoi@akgllp.com | Attorneys for Plaintiff KARINA RUIZ |

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 16, 2017, at Los Angeles, California.

*/s/ Irma Moreno*
Irma Moreno

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\amoreno\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\H3Z80W91\Wal-Mart -Karina Ruiz- Notice of Removal FINAL.DOCX

- 9 -

NOTICE OF REMOVAL
CASE NO.