*5/15/17 @ 2:35*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:** WAL-MART STORES, INC., a Delaware *(AVISO AL DEMANDADO):* corporation doing business in California, WAL-MART ASSOCIATES, INC., a Delaware corporation doing business in California, and DOES 1-15, Inclusive **YOU ARE BEING SUED BY PLAINTIFF:** *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* KARINA RUIZ, an individual | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* **FILED** SUPERIOR COURT of CA, COUNTY OF KERN **MAY 15 2017** TERRY McNALLY, CLERK BY **ENDORSED** DEPUTY |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Kern County Superior Court, 1415 Truxtun Avenue, Bakersfield California 93301 | **Case Number:** *(Número del Caso):* 17 - 101088 TSC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael S. Morrison, 401 Wilshire Blvd, Suite 1000, Santa Monica, CA 90401, T: 310 394 0888

| | | | |
|---|---|---|---|
| DATE: *(Fecha)* **MAY 15 2017** | TERRY McNALLY CLERK | Clerk, by _____ *(Secretario)* | , Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Wal-Mart Associates Inc., a Delaware corporation doing business in California.
   under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

---

Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465 *www.courtinfo.ca.gov*

**FILED BY FAX**

**EXHIBIT A**

1  | **ALEXANDER KRAKOW + GLICK LLP**
Michael S. Morrison (State Bar No. 205324)
2  | Amelia Alvarez (State Bar No. 310045)
Jessica S. Choi (State Bar No. 312796)
3  | 401 Wilshire Boulevard, Suite 1000
4  | Santa Monica, California 90401
T: 310 394 0888 | F: 310 394 0811
5  | E: mmorrison@akgllp.com | aalvarez@akgllp.com |
6  |    jchoi@akgllp.com
7  | Attorneys for Plaintiff KARINA RUIZ

NOTICE OF ASSIGNMENT AND
CASE MANAGEMENT CONFERENCE

Assigned to ~~THOMAS S. CLARK~~ for all purposes.

Hearing Date: _11-13-17_

Time: _8:15 A.M._

Department: _17_

See CRC Rule 3.720 Et. Seq.

FILED
SUPERIOR COURT of CA. COUNTY OF KERN

MAY 1 8 2017

TERRY McNALLY, CLERK
DEPUTY

ENDORSED

8

9  | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **IN AND FOR THE COUNTY OF KERN**

11 | KARINA RUIZ, an individual,

Case No. BCV-17-101088   TSC

12 |          Plaintiff,

**COMPLAINT FOR DAMAGES AND**
13 |     vs.

**INJUNCTIVE RELIEF**

14 | WAL-MART STORES, INC., a
Delaware corporation doing business in
15 | California; WAL-MART ASSOCIATES,
INC., a Delaware corporation doing
16 | business in California; and DOES 1-15,
inclusive,
17 |

1. **PREGNANCY DISCRIMINATION**
   **(Cal. Gov't Code § 12940(a))**

2. **VIOLATION OF PREGNANCY**
   **DISABILITY LEAVE (Cal. Gov't**
   **Code §12945)**

18 |          Defendants.

3. **DISABILITY DISCRIMINATION (Cal.**
   **Gov't. Code §12940)**

19

20 |

4. **RETALIATION (Cal. Gov't Code**
   **§12940)**

21

22 |

5. **FAILURE TO PREVENT AND**
   **REMEDY DISCRIMINATION AND**
   **RETALIATION (Cal. Gov't Code**
   **§12940(k))**

23

24 |

6. **FAILURE TO ENGAGE IN THE**
   **INTERACTIVE PROCESS (Cal.**
   **Gov't Code §12940(n))**

25

26 |

7. **FAILURE TO PROVIDE**
   **REASONABLE ACCOMMODATION**
   **(Cal. Gov't Code §12940(m))**

27

28 |

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

FILED BY FAX

EXHIBIT A

8. **VIOLATION OF HEALTHY WORKPLACES, HEALTHY FAMILIES ACT OF 2014 (Cal. Lab. Code § 246.5, 248.5)**

9. **WAITING TIME PENALTIES (Cal. Lab. Code §§ 201, 202, 203)**

10. **INTERFERENCE IN VIOLATION OF CFRA (Cal. Gov't Code § 12945.2(t))**

11. **RETALIATION IN VIOLATION OF CFRA (Cal. Gov't Code § 12945.2(l)(1))**

12. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

13. **PRIVATE ATTORNEYS GENERAL ACT (Cal. Lab. Code §§ 2698, et seq.)**

14. **UNFAIR BUSINESS PRACTICES (Cal. Bus. & Prof. Code § 17200, et seq.)**

**DEMAND FOR JURY TRIAL**

Plaintiff Karina Ruiz complains and alleges on information and belief the following against Defendants Wal-Mart Stores, Inc., Wal-Mart Associates, Inc., and DOES 1-15:

### INTRODUCTION

1.      This is a discrimination case arising out of Plaintiff Karina Ruiz's ("Plaintiff" or "Ruiz") employment with Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc. (collectively, "Defendants" or "Wal-Mart"). Plaintiff was subjected to discrimination and retaliation as a result of her pregnancy and requests for accommodation of her pregnancy and/or pregnancy-related medical conditions.

2.        Wal-Mart Stores, Inc. operates a nationwide chain of discount department stores and grocery stores in different formats, including the Supercenter, Discount Store, and Neighborhood Market. Plaintiff began working for Defendants on or around October 15, 2010 at a Super Center location. In 2015, Ms. Ruiz transferred to work for Defendants at the Wal-Mart Neighborhood Market in Bakersfield, California.

3.        In February 2016, Ms. Ruiz suspected that she was pregnant with her second child. Around March 23, 2016, Ms. Ruiz hand-delivered a doctor's note indicating her pregnancy to Wal-Mart's Human Resources and Personnel Office and notified Wal-Mart of her need for accommodation in the future. On June 5, 6, and 7, 2016, Ms. Ruiz was placed off work as a result of pregnancy-related conditions. On June 8, 2016, Wal-Mart terminated Ms. Ruiz for clearly pretextual reasons. The real reason Plaintiff was terminated was because of her pregnancy and the need for accommodation because of her pregnancy.

## JURISDICTION AND VENUE

4.        This Court has personal jurisdiction over Defendants because they are residents of and/or doing business in the state of California.

5.        Venue is proper in this Court in accordance with Section 395(a) of the California Code of Civil Procedure because Defendants employed Plaintiff in Kern County and the harms occurred in Kern County.

## PARTIES

6.        At all relevant times, Plaintiff Karina Ruiz ("Plaintiff" or "Ruiz") was a resident of Kern County, California.

7.        Plaintiff is informed and believes, and on that basis alleges, that Defendant Wal-Mart Stores, Inc. is a Delaware corporation doing business in the state of California and in the County of Kern. At all relevant times, Defendant Wal-Mart Stores, Inc. had at least five (5) employees and was therefore an employer within the meaning of the Fair Employment and Housing Act. (Gov't Code § 12926(d)).

/ / /

1      8.    Plaintiff is informed and believes, and on that basis alleges, that Defendant
2  Wal-Mart Associates, Inc. is a Delaware corporation doing business in the state of
3  California and in the County of Kern. At all relevant times, Defendant Wal-Mart Stores,
4  Inc. had at least five (5) employees and was therefore an employer within the meaning of
5  the Fair Employment and Housing Act. (Gov't Code § 12926(d)).

6      9.    The true names and capacities of defendants named as DOES 1-15,
7  inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff,
8  who therefore sues such defendants by such fictitious names.  Plaintiff will amend this
9  Complaint to show true names and capacities when they have been determined.

10      10.    At all times mentioned herein, Defendants, and each of them, were the
11  agents, representatives, employees, successors, assigns, parents, subsidiaries and/or
12  affiliates, each of the other, and at all pertinent times were acting within the course and
13  scope of their authority as such agents, representatives, employees, successors,
14  assigns, parents, subsidiaries and/or affiliates.  Plaintiff also alleges that Defendants
15  were, at all relevant times, the alter egos of each other.  Wherever reference is made to
16  Defendants herein, it is intended to include all of the named Defendants as well as the
17  DOE Defendants.  Each of the fictitiously named DOE Defendants is responsible in
18  manner for the occurrences alleged and proximately caused Plaintiff's damages.

19              **FACTS COMMON TO ALL CAUSES OF ACTION**

20      11.    Plaintiff Karina Ruiz began working for Defendants at a Supercenter
21  store on or around October 15, 2010.  While employed at the Supercenter, Ms. Ruiz had
22  her first child on February 24, 2012.

23      12.    In April 2015, Ms. Ruiz was transferred to the Wal-Mart Neighborhood
24  Market located at 5037 East Brundage Lane, Bakersfield, California, and remained
25  employed there until she was wrongfully terminated on June 8, 2016.

26      13.    Ms. Ruiz worked in the Deli department.  During her tenure at the Wal-
27  Mart Neighborhood Market, Ms. Ruiz was supervised by Teresa Rodriguez.

28  / / /

14.   On or around March 18, 2016, Ms. Ruiz had a doctor's appointment at Kaiser and was given a document stating that she was pregnant. On or soon after March 18, 2016, Ms. Ruiz hand-delivered the original Kaiser note indicating that she was pregnant to Human Resources Representative Kelly Cruz. Eventually, Ms. Ruiz became noticeably pregnant, and co-workers often commented on her pregnancy and asked how she was feeling.

15.   Around April 29, 2016, Ms. Ruiz had a doctor's appointment. Ms. Ruiz learned that she would be placed on light duty when she was 20-weeks pregnant.

16.   In May 2016, Ms. Ruiz asked Assistant Manager Jesus [Last Name Unknown] for vacation time and indicated that it was because she was tired. Ms. Ruiz asked Jesus for this vacation time before formally requesting it because Jesus had recently denied her vacation requests, and, tired from her pregnancy, she knew she needed the time off.  Jesus replied with words to the effect of, "my wife is also pregnant and I am also tired, but I'm not asking for time off." Ms. Ruiz was offended and explained to Jesus that she had over 100 hours available to take time off.

17.   Shortly after these remarks, Ms. Ruiz reported Jesus's comments to a manager, Derek [Last Name Unknown], by using Wal-Mart's Open Door Policy. Ms. Ruiz had never before used the Open Door Policy, but she was concerned that Jesus's behavior might continue if she did not complain about it.  Derek told Ms. Ruiz that he would speak with Jesus about her complaint. After Ms. Ruiz spoke with Derek about Jesus's inappropriate comments about her pregnancy, Jesus told Ms. Ruiz that he would likely approve her vacation days.  However, as explained below, Wal-Mart and Jesus never really had any intention of allowing Ms. Ruiz to take vacation time in connection with her pregnancy.

18.   A few days after she reported Jesus's comments, Derek asked Ms. Ruiz when she was due. Ms. Ruiz replied that she was due on November 13, 2016. Ms. Ruiz informed Derek that she would be placed on light duty at 20 weeks and off work when she was 36 weeks pregnant.  Ms. Ruiz asked Derek when they would give her people to

1  train to cover her when she was out on maternity leave.  Derek assured Ms. Ruiz that her
2  maternity leave would be covered.

3      19.   On June 5, 2016, Ms. Ruiz woke up feeling weak and ill.  Ms. Ruiz
4  called Wal-Mart's Associate Hotline ("Hotline") on June 5, and completed the steps for
5  calling in sick.  Ms. Ruiz followed-up to her call to the Hotline by calling the store and
6  informing an assistant manager that she was ill and could not go in to work that day.

7      20.   On June 5, 2016, Ms. Ruiz sought medical attention on account of
8  feeling ill.   Ms. Ruiz learned that she was dehydrated and had developed anemia in
9  pregnancy, which made her tired and weak.  Ms. Ruiz was also advised by her health
10 care provider that she needed rest and was placed off work for three days by her health
11 care provider.  Ms. Ruiz was issued a doctor's note to provide to her employer indicating
12 that she needed to be placed off work between June 5 and June 7, 2016.

13      21.   Later on June 5, Ms. Ruiz called Wal-Mart supervisor Teresa Rodriguez.
14 Ms. Ruiz told Rodriguez that she was in urgent care and needed to be off work for three
15 days per her doctor's orders.  Ms. Ruiz said she would bring a doctor's note for her
16 absence from June 5-7, 2016, but Rodriguez told Ms. Ruiz to bring the note when she
17 returned to work.

18      22.   On June 6 and 7, 2016, Ms. Ruiz called the Wal-Mart Associate Hotline
19 each day to call out sick.

20      23.   On June 8, 2016, Ms. Ruiz reported to work.  While trying to enter the
21 three days as sick days in the system, she noticed her vacation request was still pending.
22 Towards the end of Ms. Ruiz's shift, Cruz asked Ms. Ruiz to go with her to the office.

23      24.   At the Human Resources office, Ms. Ruiz met with Cruz and Manager
24 Annalisa Muro, who terminated Ms. Ruiz's employment.  Muro told Ms. Ruiz that there
25 was an automatic point system for attendance that called for Ruiz's termination because
26 Ms. Ruiz exceeded the system by 0.5 points due to her absences between June 5 and
27 June 7, 2016. Ms. Ruiz told Muro that she had been out sick for those three days and
28 had a doctor's note, but Muro refused to accept the doctor's note and insisted that the

1  termination decision stood.

2      25.   On Ms. Ruiz's separation form, Muro marked the separation as
3  "voluntary" and indicated that Ms. Ruiz had "9.5 active absences. No protected time
4  available." At no point did Mr. Ruiz voluntarily resign from her employment with Wal-
5  Mart.  At the termination meeting, Ms. Ruiz was informed for the first time that, under
6  Wal-Mart's new points system, an employee who accumulates 9 or more points for
7  unexcused tardiness or absences is subject to discipline and that she had accumulated
8  9.5 points because of her three sick days.

9      26.   Ms. Ruiz later returned to the store to ask for the record that listed her
10  points. The record showed that Ms. Ruiz had accumulated 6.5 points and was below the
11  9 points required for termination.   This was different from the record that she was
12  previously made aware of, which indicated that Ms. Ruiz had accumulated 9.5 points,
13  including the points accumulated by her three excused sick days.

14      27.   Defendants' conduct was willful at all times.

15      28.   Wal-Mart terminated Ms. Ruiz for pretextual reasons.  The termination
16  occurred just within three months of her letting Wal-Mart know she was pregnant and
17  would require accommodation; two weeks before Ms. Ruiz was to be placed on light duty;
18  and on the same day that Ms. Ruiz returned to work after a three-day absence based on
19  her doctor's order to rest and stay off work for 3 days.  The real reason Ms. Ruiz was
20  terminated was because of her pregnancy, the need for accommodation during her
21  pregnancy term, her need to take sick days, her attempt to use sick days and missing
22  work, and her anticipated need for leave associated with her pregnancy and disability.

23      29.   On June 24, 2016, an email was sent on Ms. Ruiz's behalf to Geoffrey
24  Edwards, Gordon Allison, Kristopher Isham, and Karen Roberts, all of whom serve as
25  general counsel to Wal-Mart.   The email explained that the absences Wal-Mart had
26  based Ms. Ruiz's termination upon were due to pregnancy-related illness. The email also
27  described how Ms. Ruiz notified Wal-Mart of her pregnancy, her illness, and her need for
28  leave before being terminated.  Despite being placed on notice of Wal-Mart's unlawful

7
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL   EXHIBIT A

1 │ actions against Ms. Ruiz, Wal-Mart's general counsel dismissed Ms. Ruiz's claims.

2 │       30.   To date, Wal-Mart has not offered to reinstate Ms. Ruiz.

3 │       31.   Plaintiff timely filed a Complaint of Employment Discrimination with the
4 │ California Department of Fair Employment and Housing on February 2, 2017 against
5 │ Defendants and received a right-to-sue letter on the same date.  Plaintiff has, therefore,
6 │ fully exhausted all administrative remedies.

7 │       32.   Plaintiff has incurred both economic and non-economic damages as a
8 │ result of Defendants' unlawful conduct.

9 │       33.   Defendants, by their conduct as set forth herein, have engaged in
10 │ despicable conduct, exposing Plaintiff to cruel and unjust hardship, with the intention to
11 │ cause injury to Plaintiff, and with conscious disregard of her rights.  Defendants occupied
12 │ a position of trust which them power to damage Plaintiff's ability to earn a livelihood.
13 │ Defendants abused that position of trust with malice, oppression, and reckless disregard
14 │ of Plaintiff's rights under the circumstances described here.   Defendants' conduct was
15 │ carried out by and ratified by one or more of Defendants' managing agents.  Plaintiff is
16 │ therefore entitled to punitive damages in an amount to be proven at trial.  Defendants'
17 │ conduct in discriminating and retaliating against Plaintiff was willful and oppressive and
18 │ done in conscious disregard of her rights.

19 │ **FIRST CAUSE OF ACTION**

20 │ **PREGNANCY DISCRIMINATION**

21 │ **(Cal. Gov't Code § 12940, et seq.)**

22 │ **By Plaintiff against Defendants**

23 │       34.   Plaintiff re-alleges and incorporates by reference each of the preceding
24 │ paragraphs as though fully stated here.

25 │       35.   At all relevant times, Plaintiff was a member of a protected class within
26 │ the meaning of FEHA because she was pregnant and/or had a condition related to
27 │ pregnancy or childbirth.

28 │ ///

1    36.    Defendants' conduct described in this Complaint violates California
2  Government Code sections 12940(a). This subsection makes it unlawful for an employer
3  to discriminate against any person in compensation or the terms, conditions, or privileges
4  of employment because of sex. Government Code section 12926(r)(1) defines "sex" to
5  include "[p]regnancy or medical conditions related to pregnancy," and "[c]hildbirth or
6  medical conditions related to childbirth."

7    37.    Plaintiff is informed and believes and thereon alleges that Defendants'
8  conduct, as described more fully above, including, but not limited to, terminating her
9  employment, was motivated by Plaintiff's pregnancy.

10    38.    Within the time provided by law, Plaintiff caused to have filed a charge
11  with the California Department of Fair Employment and Housing ("DFEH"), alleging
12  pregnancy, gender, and disability/perceived disability discrimination against Defendants.
13  The DFEH issued a right-to-sue notice against Defendants on February 2, 2017.

14    39.    As a proximate result of Defendants willful, knowing, and intentional acts
15  of discrimination against Plaintiff, Plaintiff has sustained losses in earnings and other
16  employment benefits.

17    40.    As a proximate result of Defendants' willful, knowing and intentional acts
18  of discrimination against Plaintiff, Plaintiff suffers emotional distress and mental pain and
19  anguish.

20    41.    Defendants' conduct, as described above, was willful, knowing and
21  intentional. Accordingly, Plaintiff seeks an award of punitive and exemplary damages
22  against Defendants.

23    42.    As a direct result of the acts alleged above, Plaintiff has had to hire the
24  services of an attorney. As a result, Plaintiff has incurred and continues to incur legal
25  expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs
26  pursuant to Government Code section 12965(b).

27  ///

28  ///

~~EXHIBIT A~~

## SECOND CAUSE OF ACTION

### VIOLATION OF PREGNANCY DISABILITY LEAVE

### (Cal. Gov't Code § 12945, et seq.)

### By Plaintiff against Defendants

43. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs as though fully stated here.

44. At all relevant times, Plaintiff was pregnant and/or was disabled by her pregnancy related medical conditions within the meaning of FEHA, as described above.

45. Defendants' conduct described in this Complaint violates California Government Code section 12945(a)(1). This subsection allows an employee disabled by her pregnancy to take up to four months of unpaid leave and requires an employer to thereafter return the employee to the same or a comparable position.

46. Plaintiff is informed and believes and thereon alleges that Defendants' conduct, as described more fully above, including, but not limited to, terminating her employment, was in anticipation of having to accommodate her in the form of a pregnancy disability leave.

47. Within the time provided by law, Plaintiff caused to have filed a charge with the California Department of Fair Employment and Housing ("DFEH"), alleging pregnancy, gender, and disability/perceived disability discrimination against Defendants. The DFEH issued a right-to-sue notice against Defendants on February 2, 2017.

48. As a proximate result of Defendants willful, knowing and intentional acts of discrimination against Plaintiff, Plaintiff has sustained losses in earnings and other employment benefits.

49. As a proximate result of Defendants' willful, knowing and intentional acts of discrimination against Plaintiff, Plaintiff suffers emotional distress and mental pain and anguish.

///

///

50.   Defendants' conduct, as described above, was willful, knowing and intentional.   Accordingly, Plaintiff seeks an award of punitive and exemplary damages against Defendants.

51.   As a direct result of the acts alleged above, Plaintiff has had to hire the services of an attorney.   As a result, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to Government Code section 12965(b).

**THIRD CAUSE OF ACTION**

**DISABILITY DISCRIMINATION**

**(Cal. Gov't Code § 12940, et seq.)**

**By Plaintiff against Defendants**

52.   Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs as though fully stated here.

53.   At all relevant times, Plaintiff was pregnant and/or suffered from a physical disability as defined by the Fair Employment and Housing Act ("FEHA"), as discussed above. Alternatively, at all times, Defendants perceived that Plaintiff suffered from a physical disability as defined by FEHA.

54.   Defendants' conduct described in this Complaint violates Government Code sections 12940(a) and 12940(m).   It is unlawful employment practice for an employer to discriminate against an employee based on physical disability, and fail to provide reasonable accommodations to employees with known physical disabilities.

55.   Plaintiff is informed and believes and thereon alleges that Defendants' conduct, as described more fully above, including, but not limited to, terminating her, was motivated by her physical disability or perceived physical disability.

56.   Subsequent to Plaintiff being physically disabled or being perceived as being disabled by Plaintiff's pregnancy, Defendants discriminated against her by refusing to allow her to use her sick leave, by delaying approval of vacation requests, by granting approval for vacation days and then taking those days away, by promising to grant

11

1 | approval of a vacation request and then failing to approve the request, by refusing to
2 | accept her doctor's note regarding her sick days, by terminating her, and by other
3 | conduct according to proof.

4 |      57.    Within the time provided by law, Plaintiff caused to have filed a charge
5 | with the California Department of Fair Employment and Housing ("DFEH"), alleging
6 | pregnancy, gender, and disability/perceived disability discrimination against Defendants.
7 | The DFEH issued a right-to-sue notice against Defendants on February 2, 2017.

8 |      58.    As a proximate result of Defendants' willful, knowing and intentional acts
9 | of discrimination against Plaintiff, Plaintiff has sustained losses in earnings and other
10 | employment benefits.

11 |      59.    As a proximate result of Defendants' willful, knowing and intentional acts
12 | of discrimination against Plaintiff, Plaintiff suffers emotional distress and mental pain and
13 | anguish.

14 |      60.    Defendants' conduct, as described above, was willful, knowing and
15 | intentional.  Accordingly, Plaintiff seeks an award of punitive and exemplary damages
16 | against Defendants.

17 |      61.    As a direct result of the acts alleged above, Plaintiff has had to hire the
18 | services of an attorney.  As a result, Plaintiff has incurred and continues to incur legal
19 | expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs
20 | pursuant to Government Code section 12965(b).

21 | **FOURTH CAUSE OF ACTION**
22 | **RETALIATION**
23 | **(Cal. Gov't Code § 12940, et seq.)**
24 | **By Plaintiff against Defendants**

25 |      62.    Plaintiff re-alleges and incorporates by reference each of the preceding
26 | paragraphs as though fully stated here.

27 |      63.    Defendants' conduct violates Government Codes section 12940(h).  It is
28 | an unlawful employment practice for an employer to discriminate against an employee

12

1 because he or she has complained about or opposed any practices that are unlawful
2 under FEHA, through informal or formal complaints alleging such unlawful conduct.

3    64.    Plaintiff engaged in protected activity on multiple occasions, including,
4 but not limited to, complaining of discriminatory remarks and treatment, requesting
5 accommodation for her pregnancy and related medical conditions, asserting her right to
6 disability leave for women who are disabled due to pregnancy, childbirth, or related
7 medical conditions under California's Pregnancy Disability Leave law and the California
8 Family Rights Act, and asserting her right to engage in the interactive process regarding
9 her physical disability.  These requests were made to Defendants' management and/or
10 Human Resources.

11    65.    Defendants subjected Plaintiff to adverse actions as a result of Plaintiff's
12 protected activity, including but not limited to refusing to allow her to use her sick leave,
13 delaying approval of vacation requests, promising to grant approval of a vacation request
14 and then failing to approve the request, refusing to accept her doctor's note regarding her
15 sick days, terminating her, and other conduct according to proof.

16    66.    As a proximate result of Defendants' willful, knowing and intentional acts
17 of discrimination against Plaintiff, Plaintiff has sustained losses in earnings and other
18 employment benefits.

19    67.    As a proximate result of Defendants' willful, knowing and intentional acts
20 of discrimination against Plaintiff, Plaintiff suffers emotional distress and mental pain and
21 anguish.

22    68.    Defendants' conduct, as described above, was willful, knowing and
23 intentional.  Accordingly, Plaintiff seeks an award of punitive and exemplary damages
24 against Defendants.

25    69.    As a direct result of the acts alleged above, Plaintiff has had to hire the
26 services of an attorney.  As a result, Plaintiff has incurred and continues to incur legal
27 expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs
28 pursuant to Government Code section 12965(b).

### FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT, INVESTIGATE, AND/OR REMEDY
### DISCRIMINATION AND RETALIATION

**(Cal. Gov't Code § 12940(k))**

**By Plaintiff against Defendants**

70.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs as though fully stated here.

71.     At all relevant times, Plaintiff was pregnant and/or suffered from a physical disability as defined by FEHA, as discussed above.  Alternatively, at all times, Defendants perceived that Plaintiff suffered from a physical disability as defined by FEHA.

72.     Defendants' conduct described in this Complaint violates California Government Code section 12940(k).  This subsection makes it unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

73.     Plaintiff is informed and believes and thereon alleges that Defendants' conduct, as described more fully above, including, but not limited to, terminating her, was motivated by her pregnancy, disability and/or perceived disability.  Defendants also retaliated against Plaintiff as alleged herein.  Defendants knew of this discrimination and retaliation and/or reasonably should have known of the discrimination and retaliation, and failed to act to prevent, investigate and/or remedy the discrimination and retaliation in violation of Government Code section 12940(k).

74.     Within the time provided by law, Plaintiff caused to have filed a charge with the California Department of Fair Employment and Housing ("DFEH"), alleging pregnancy, gender, and disability/perceived disability discrimination against Defendants. The DFEH issued a right-to-sue notice against DEFENDANTS on February 2, 2017.

/ / /

/ / /

75.   As a proximate result of Defendants' willful, knowing and intentional acts of discrimination against Plaintiff, Plaintiff has sustained losses in earnings and other employment benefits.

76.   As a proximate result of Defendants' willful, knowing and intentional acts of discrimination against Plaintiff, Plaintiff suffered emotional distress and mental pain and anguish.

77.   Defendants' conduct, as described above, was willful, knowing and intentional.  Accordingly, Plaintiff seeks an award of punitive and exemplary damages against Defendants.

78.   As a direct result of the acts alleged above, Plaintiff has had to hire the services of an attorney.  As a result, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to Government Code section 12965(b).

## SIXTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS

### (Cal. Gov't Code § 12940(n))

### By Plaintiff against Defendants

79.   Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs as though fully stated here.

80.   At all relevant times, Plaintiff was pregnant and/or suffered from a physical disability as defined by FEHA, as discussed above.  Alternatively, at all relevant times, Defendants perceived that Plaintiff suffered from a physical disability as defined by FEHA.

81.   Defendants' conduct described in this Complaint violates California Government Code section 12940(n).  This subsection makes it unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to an employee's request for reasonable accommodation.

82.    Plaintiff is informed and believes and thereon alleges that Defendants' conduct, as described more fully above, including, but not limited to, terminating her, was motivated by her pregnancy, disability, and/or perceived disability.  Defendants failed to engage in a timely, good faith interactive process with her despite her repeated requests in violation of Government Code section 12940(n).

83.    Within the time provided by law, Plaintiff caused to have filed a charge with the California Department of Fair Employment and Housing ("DFEH"), alleging pregnancy, gender, and disability/perceived disability discrimination against Defendants. The DFEH issued a right-to-sue notice against Defendants on February 2, 2017.

84.    As a proximate result of Defendants' willful, knowing and intentional acts of discrimination against Plaintiff, Plaintiff has sustained losses in earnings and other employment benefits.

85.    As a proximate result of Defendants' willful, knowing and intentional acts of discrimination against Plaintiff, Plaintiff suffered emotional distress and mental pain and anguish.

86.    Defendants' conduct, as described above, was willful, knowing and intentional.  Accordingly, Plaintiff seeks an award of punitive and exemplary damages against Defendants.

87.    As a direct result of the acts alleged above, Plaintiff has had to hire the services of an attorney.  As a result, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to Government Code section 12965(b).

### SEVENTH CAUSE OF ACTION
### FAILURE TO ACCOMMODATE
### (Cal. Gov't Code § 12940(m))
### By Plaintiff against Defendants

88.    Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs as though fully stated here.

89.   At all relevant times, Plaintiff was pregnant and/or suffered from a related medical condition or physical disability as defined by FEHA, as discussed above. Alternatively, at all relevant times, Defendants perceived that Plaintiff was pregnant and/or suffered from a medical condition or physical disability as defined by FEHA.

90.   Defendants' conduct described in this Complaint violates California Government Code section 12940(m). It is unlawful employment practice for an employer to fail to make a reasonable accommodation for the known physical disability of an employee.

91.   Plaintiff is informed and believes and thereon alleges that Defendants' conduct, as described more fully above, including, but not limited to, terminating her, was motivated by her pregnancy, physical disability and/or perceived physical disability. Plaintiff informed Defendants of her pregnancy and requested several days off due to conditions related to her pregnancy, including dehydration and anemia.

92.   At all relevant times, Defendants knew about Plaintiff's disability, and failed to accommodate her despite her requests in violation of Government Code section 12940(m).

93.   As a proximate result of Defendants' willful, knowing and intentional acts of discrimination against Plaintiff, Plaintiff has sustained losses in earnings and other employment benefits.

94.   As a proximate result of Defendants' willful, knowing and intentional acts of discrimination against Plaintiff, Plaintiff suffers emotional distress and mental pain and anguish.

95.   Defendants' conduct, as described above, was willful, knowing and intentional. Accordingly, Plaintiff seeks an award of punitive and exemplary damages against Defendants.

96.   As a direct result of the acts alleged above, Plaintiff has had to hire the services of an attorney. As a result, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs

1   pursuant to Government Code section 12965(b).

2   ## EIGHTH CAUSE OF ACTION

3   ## VIOLATION OF HEALTHY WORKPLACES, HEALTHY FAMILIES ACT OF 2004

4   ### (Cal. Lab. Code § 246.5, 248.5)

5   By Plaintiff against Defendants

6   97.   Plaintiff re-alleges and incorporates by reference each of the preceding

7   paragraphs as though fully stated here.

8   98.   At all relevant times, Plaintiff worked in California for the same employer

9   for 30 or more days within a year from the commencement of employment, as discussed

10  above.

11  99.   Defendants' conduct described in this Complaint violates California

12  Labor Code section 246.5.   It is unlawful labor practice for an employer to deny an

13  employee the right to use accrued sick days, discharge, or in any  manner discriminate

14  against an employee for using accrued sick days or attempting to exercise the right to

15  use accrued sick days.

16  100.   Plaintiff is informed and believes and thereon alleges that Defendants'

17  conduct, as described more fully above, including, but not limited to, terminating her, was

18  motivated by her use of accrued sick days and/or attempt to exercise the right to use

19  accrued sick days.   Plaintiff requested several days off to managers and/or Human

20  Resources for paid sick leave purposes, including but not limited to the diagnosis, care,

21  and/or treatment of an existing health condition of, and/or preventive care for, herself due

22  to health conditions related to her pregnancy, including dehydration and anemia.

23  101.   At all relevant times, Defendants knew about Plaintiff's request for

24  paid sick leave, and denied Plaintiff the right to use accrued sick days despite her

25  requests and/or discharged Plaintiff for using accrued sick days and/or attempting to

26  exercise the right to use accrued sick days in violation of Labor Code section 246.5.

27  102.   As a proximate result of Defendants' willful, knowing and intentional

28  acts of discrimination against Plaintiff, Plaintiff has sustained losses in earnings and other

18

1 employment benefits.  In addition, Defendants are responsible for interest and penalties
2 related to this cause of action pursuant to Labor Code section 248.5.

3      103.    As a proximate result of Defendants' willful, knowing and intentional
4 acts of discrimination against Plaintiff, Plaintiff suffers emotional distress and mental pain
5 and anguish.

6      104.   As a direct result of the acts alleged above, Plaintiff has had to hire the
7 services of an attorney.  As a result, Plaintiff has incurred and continues to incur legal
8 expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs
9 pursuant to Labor Code section 248.5(e).

10                    **NINTH CAUSE OF ACTION**
11                    **WAITING TIME PENALTIES**
12                  **(Cal. Lab. Code §§ 201, 202, 203)**
13                    **By Plaintiff against Defendants**

14      105.   Plaintiff re-alleges and incorporates by reference each of the preceding
15 paragraphs as though fully stated here.

16      106.   Pursuant to California Labor Code Section 201, if an employer
17 discharges an employee, the wages earned and unpaid at the time of the discharge are
18 due and payable immediately.  Pursuant to California Labor Code Section 202, if an
19 employee quits his or her employment, the wages earned and unpaid at the time of the
20 discharge are due and payable within seventy-two (72) hours of resignation.

21      107.   Plaintiff was terminated by Defendants.  To this day, Plaintiff has not
22 received all of the wages and other compensation she rightfully earned.

23      108.   Defendants, and each of them, willfully refused and continue to refuse to
24 pay Plaintiff all wages earned in a timely manner, as required by California Labor Code
25 Section 203.  Plaintiff therefore requests restitution and penalties pursuant to California
26 Labor Code Section 203.

27 ///
28 ///

## TENTH CAUSE OF ACTION

### INTERFERENCE IN VIOLATION OF CFRA

#### (Cal. Gov't Code § 12945.2(t))

#### By Plaintiff against Defendants

109.   Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs as though fully stated here.

110.   Plaintiff is informed and believes that Defendants are a covered employer, as that term is defined in Section 12945.2(c)(2) of the California Government Code, as well as applicable interpretive regulations.

111.   Plaintiff was employed by Defendants for more than one year, and had in excess of 1250 hours of service during the 12 month period immediately preceding her termination.  Plaintiff was also suffering from a serious health condition related to her pregnancy.

112.   Plaintiff was employed at a worksite where Defendants employs at least fifty (50) employees within seventy-five (75) miles.

113.   Defendants recognized Plaintiff was entitled to leave pursuant to the California Family Rights Act ("CFRA").

114.   In anticipation of Plaintiff's making a request to take time off of work in relation to a serious health condition related to her pregnancy, Defendants discriminated and retaliated against Plaintiff, including by terminating her employment.

115.   Plaintiff was retaliated against for asserting her right to CFRA leave under California law and her right to be free of retaliation for asserting this right. Defendants terminated Plaintiff promptly before it was anticipated that she would begin to need protected leave. Defendants' anticipation that Plaintiff would request leave related to her pregnancy, disability, and/or perceived disability were substantial motivating reasons for Defendants' decision to terminate her.

116.   Defendants' conduct violated the CFRA, codified in Section 12945.2 of the California Government Code.

1    117.   As a proximate result of Defendants' willful, knowing and intentional acts
2  of discrimination against Plaintiff, Plaintiff has sustained losses in earnings and other
3  employment benefits.

4    118.   As a proximate result of Defendants' willful, knowing and intentional acts
5  of discrimination against Plaintiff, Plaintiff suffered emotional distress and mental pain
6  and anguish.

7    119.   Defendants' conduct, as described above, was willful, knowing and
8  intentional.  Accordingly, Plaintiff seeks an award of punitive and exemplary damages
9  against Defendants.

10                    **ELEVENTH CAUSE OF ACTION**
11                  **RETALIATION IN VIOLATION OF CFRA**
12                   **(Cal. Gov't Code § 12945.2(l)(1))**
13                    **By Plaintiff against Defendants**

14    120.   Plaintiff re-alleges and incorporates by reference each of the preceding
15  paragraphs as though fully stated here.

16    121.   Plaintiff is informed and believes that Defendants are a covered
17  employer, as that term is defined in Section 12945.2(c)(2) of the California Government
18  Code, as well as applicable interpretive regulations.

19    122.   Plaintiff was employed by Defendants for more than one year, and
20  had in excess of 1250 hours of service during the 12 month period immediately preceding
21  her termination.  Plaintiff was also suffering from a serious health condition related to her
22  pregnancy.

23    123.   Plaintiff was employed at a worksite where Defendants employs at
24  least fifty (50) employees within seventy-five (75) miles.

25    124.   Defendants recognized Plaintiff was entitled to leave pursuant to the
26  California Family Rights Act ("CFRA").

27    125.   In anticipation of Plaintiff's making a request to take time off of work
28  in relation to a serious health condition related to her pregnancy, Defendants

                              21

1  discriminated and retaliated against Plaintiff, including by terminating her employment.

2        126.     Plaintiff was retaliated against for asserting her right to CFRA leave

3  under California law and her right to be free of retaliation for asserting this right.

4  Defendants terminated Plaintiff promptly before it was anticipated that she would begin to

5  need protected leave.  Defendants' anticipation that Plaintiff would request leave related

6  to her pregnancy, disability, and/or perceived disability were substantial motivating

7  reasons for Defendants' decision to terminate her.

8        · 127.     Defendants' conduct violated the CFRA, codified in Section 12945.2

9  of the California Government Code.

10        128.  As a proximate result of Defendants' willful, knowing and intentional acts

11  of discrimination against Plaintiff, Plaintiff has sustained losses in earnings and other

12  employment benefits.

13        129.  As a proximate result of Defendants' willful, knowing and intentional acts

14  of discrimination against Plaintiff, Plaintiff suffered emotional distress and mental pain

15  and anguish.

16        130.     Defendants' conduct, as described above, was willful, knowing and

17  intentional.  Accordingly, Plaintiff seeks an award of punitive and exemplary damages

18  against Defendants.

19                **TWELFTH CAUSE OF ACTION**

20        **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

21                 **By Plaintiff against Defendants**

22        131.     Plaintiff re-alleges and incorporates by reference each of the preceding

23  paragraphs as though fully stated here.

24        132.  At all relevant times, Plaintiff was pregnant and/or suffered from a

25  physical disability as defined by FEHA, as discussed above.  Alternatively, at all relevant

26  times, Defendants perceived that Plaintiff suffered from a physical disability as defined by

27  FEHA.

28  ///

133.   Plaintiff was pregnant and/or suffered from a physical disability as defined by FEHA, as discussed above.  Alternatively, at all relevant times, Defendants perceived that Plaintiff suffered from a physical disability as defined by FEHA.

134.   At all relevant times, Plaintiff worked in California for the same employer for 30 or more days within a year from the commencement of employment, as discussed above.

135.   Plaintiff is informed and believes and thereon alleges that Defendants' conduct, as described more fully above, including, but not limited to, terminating her, was motivated by her use of accrued sick days and/or attempt to exercise the right to use accrued sick days.   Plaintiff requested several days off to managers and/or Human Resources for paid sick leave purposes, including but not limited to the diagnosis, care, and/or treatment of an existing health condition of, and/or preventive care for, herself due to health conditions related to her pregnancy, including dehydration and anemia.

136.   Plaintiff is informed and believes and thereon alleges that Defendants' conduct, as described more fully above, including, but not limited to, terminating her, was motivated by her pregnancy.  Subsequent to Plaintiff informing Human Resources of her pregnancy and requesting days off due to dehydration and diarrhea related to her pregnancy, Plaintiff was met with a variety of retaliatory tactics, including but not limited to terminating her.  Plaintiff's opposition to abide Defendants' discriminatory conduct was a substantial motivating reason for Plaintiff's discharge.

137.   Plaintiff's termination was in violation of fundamental, basic, and substantial public policies and public policies of the State of California, including, but not limited to, the California Fair Employment and Housing Act, the California Family Rights Act, the Americans with Disabilities Act, the California Pregnancy Disability Leave Act, Title VII of the Civil Rights Act of 1964, Art. 1, Section 8 of the California Constitution, and the California Healthy Workplaces, Healthy Families Act.

///

///

1    138.   As a proximate result of Defendants' willful, knowing and intentional acts
2 of discrimination against Plaintiff, Plaintiff has sustained losses in earnings and other
3 employment benefits.

4    139.   As a proximate result of Defendants' willful, knowing and intentional acts
5 of discrimination against Plaintiff, Plaintiff suffers emotional distress and mental pain and
6 anguish.

7    140.   Defendants' conduct, as described above, was willful, knowing and
8 intentional.   Accordingly, Plaintiff seeks an award of punitive and exemplary damages
9 against Defendants.

10    141.   Plaintiff is informed and believes and on that basis alleges that
11 Defendants, and each of them, were at all relevant times aware of the conduct of each of
12 the other Defendants and approved and ratified that conduct.

13                      **THIRTEENTH CAUSE OF ACTION**
14                      **PRIVATE ATTORNEYS GENERAL ACT**
15          **(Cal. Lab. Code §§ 203, 216, 246.5, 248.5, 2699, _et seq._)**
16                      **By Plaintiff against Defendants**

17    142.   Plaintiff re-alleges and incorporates by reference each of the preceding
18 paragraphs as though fully stated here.

19    143.   Plaintiff alleges that on or about May 10, 2017, she provided written
20 notice to the Labor and Workforce Development Agency ("LWDA") and Defendants of the
21 specific violations of the California Labor Code that Defendants have violated and
22 continue to violate.

23    144.   As of the filing of this Complaint, no response has been received from
24 the LWDA.

25    145.   Pursuant to California Labor Code Section 2699.3(a)(2)(A), if no
26 response has been received from the LWDA within 65 days of the postmark date of the
27 May 10, 2017 letters or if the LWDA declines to investigate the matter, Plaintiff has
28 exhausted all administrative procedures required of her under California Labor Code

1 | Sections 2698, 2699, and 2699.3.

2 | 146. As a result of all of these alleged acts, Plaintiff seeks penalties under
3 | California Labor Code Sections 2698 and 2699 because of Defendants' violations of
4 | numerous provisions of the California Labor Code.

5 | 147. Pursuant to California Labor Code Section 2699, Plaintiff should be
6 | awarded twenty-five percent (25%) of all penalties due under California Law, including
7 | attorney fees and costs.

8 | **FOURTEENTH CAUSE OF ACTION**

9 | **UNFAIR BUSINESS PRACTICES**

10 | **(Cal. Bus. & Prof. Code § 17200, et seq.)**

11 | **By Plaintiff against Defendants**

12 | 148. Plaintiff re-alleges and incorporates by reference each of the preceding
13 | paragraphs as though fully stated here.

14 | 149. The unlawful conduct of Defendants alleged herein constitutes unfair
15 | competition within the meaning of Business and Professions Code section 17200, et seq.
16 | Due to their unfair and unlawful business practices in violation of FEHA, Defendants have
17 | gained a competitive advantage over other comparable companies doing business in the
18 | State of California that comply with their obligations to employ individuals regardless of
19 | their pregnancy, pregnancy-related illness and disability, as required by law.

20 | 150. As a proximate result of Defendants' willful, knowing and intentional acts
21 | of discrimination against Plaintiff, Plaintiff has sustained losses in earnings and other
22 | employment benefits.

23 | 151. Pursuant to Business and Professions Code section 17203, Plaintiff is
24 | entitled to restitution of all monies rightfully belonging to her that Defendants did not pay
25 | her or otherwise retained by means of its unlawful and unfair business practices.

26 | 152. Defendants' conduct, as described above, was willful, knowing and
27 | intentional. Accordingly, Plaintiff seeks an award of punitive and exemplary damages
28 | against Defendants.

1       153.   As a direct result of the acts alleged above, Plaintiff has had to hire the

2   services of an attorney.  As a result, Plaintiff has incurred and continues to incur legal

3   expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs in

4   connection with her unfair competition claim pursuant to Code of Civil Procedure section

5   1021.5, the substantial benefit doctrine, and/or the common fund doctrine.

6                                   **PRAYER FOR RELIEF**

7       **WHEREFORE**, Plaintiff prays for relief against Defendants as follows:

8   1.      For general and compensatory damages, including lost wages and

9           employment benefits and other special damages according to proof;

10  2.      For mental and emotional distress damages;

11  3.      For punitive damages;

12  4.      For an award of interest, including prejudgment interest, at the legal rate;

13  5.      For injunctive relief;

14  6.      For waiting time penalties pursuant to California Labor Code section 203;

15  7.      For all statutory and civil penalties recoverable by law, including those

16          available under California Labor Code section 2698, et seq.;

17  8.      For interest accrued to date;

18  9.      For attorney fees and costs pursuant to California Government Code

19          section 12965(b) and California Labor Code section 248.5, and all other

20          applicable laws; and

21  10.     For such other and further relief that the Court may deem just and proper.

22
    Dated:  May 12, 2017                    ALEXANDER KRAKOW + GLICK, LLP
23

24

25                                          Michael S. Morrison
                                            Amelia Alvarez
26                                          Jessica S. Choi
                                            Attorneys for Plaintiff KARINA RUIZ
27

28

                                        26
                COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL    EXHIBIT A

**DEMAND FOR JURY TRIAL**

Plaintiff further requests a trial by jury on all issues so triable.

Dated: May 12, 2017

ALEXANDER KRAKOW + GLICK, LLP

Michael S. Morrison
Amelia Alvarez
Jessica S. Choi
Attorneys for Plaintiff KARINA RUIZ

EXHIBIT A

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>ALEXANDER, KRAKOW AND GLICK LLP<br>Michael S. Morrison (SBN 205320); Amelia Alvarez (SBN 310044)<br>401 Wilshire Boulevard, Suite 1000<br>Santa Monica, California 90401<br>  TELEPHONE NO.: (310) 394-0888   FAX NO.: (310) 394-0811<br>ATTORNEY FOR (Name): Plaintiff, Karina Ruiz | FOR COURT USE ONLY<br><br>**FILED**<br>SUPERIOR COURT of CA, COUNTY OF KERN<br><br>MAY 1 2 2017<br><br>TERRY McNALLY, CLERK<br>BY_____ DEPUTY<br>**ENDORSED** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Kern
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metro Division

CASE NAME:
Karina Ruiz v. Wal-Mart Stores, Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BCV - 17 - 101088 |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: TSC<br>DEPT: 17 |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify): 14: Pregnancy Discrim., Disability Discrim., Retaliation, Wrongful term.,etc
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 12, 2017
Michael S. Morrison                                         ▶ _____
_____(TYPE OR PRINT NAME)_____                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



FILED BY FAX

EXHIBIT A

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                          **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the*
*case involves an uninsured*
*motorist claim subject to*
*arbitration, check this item*
*instead of Auto*)

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or*
*toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil*
*harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer*
*or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally*
*complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent*
*domain, landlord/tenant, or*
*foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal*
*drugs, check this item; otherwise,*
*report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex*
*case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-*
*domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified*
*above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-*
*harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified*
*above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**                                    Page 2 of 2

EXHIBIT A