1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11   KARINA RUIZ,                              Case No.: 1:17-cv-00812 DAD JLT

12         Plaintiff,                          ORDER DENYING THE STIPULATION TO
                                               AMEND THE SCHEDULING ORDER
13         vs.
                                               (Doc. 17)
14   WAL-MART STORES, et al.,

15         Defendants.

16

17         The parties have stipulated to amend the case schedule to extend the non-expert and

18   discovery deadline by 75 days.  (Doc. 17) They report that the extension is needed because they

19   chose not to conduct depositions until after they attended mediation and now they've had difficulty

20   scheduling depositions. Id. at 2.  They anticipate the deposition of the entity will take several days

21   and will result in additional depositions. Id.  Finally, they assert that the extension of time will have

22   no effect on the progress of the case because the trial is not scheduled until March 2019. Id.

23   **I.       Scheduling Orders**

24         Districts courts must enter scheduling orders in actions to "limit the time to join other

25   parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3).  Once

26   entered by the court, a scheduling order "controls the course of the action unless the court modifies

27   it."  Fed. R. Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems.

28                                             1

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Further, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order has the burden to demonstrate:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).

## II.    Discussion and Analysis

The scheduling order set the non-expert discovery deadline on May 31, 2018 and the expert discovery deadline on August 18, 2018. (Doc. 10 at 3) These dates were proposed by the parties and the Court adopted these deadlines at their request. (Doc. 8 at 12) In addition, in their mid-discovery status report, filed on January 3, 2018, they indicated that the mediation was to occur on January 18, 2018 and that they had engaged in written discovery, though it appeared that it they

waited long after the scheduling conference in August 2017 to do so (Doc. 14 at 2). Even assuming the Court condoned their decision to await depositions until after the mediation –and it does not[1]-- their current stipulation fails to explain why they cannot complete this discovery by the May 31, 2018 deadline. Seemingly, the period between mid-January and the end of May was more than enough time to complete depositions in this case.

In addition, counsel fail to detail in their stipulation any circumstances that could not have been reasonably foreseen or anticipated at the time the Court scheduled the case. *See Jackson*, 186 F.R.D. at 607. Indeed, they anticipated they could engage in mediation. (Doc. 8 at 11) Thus, they were fully aware of this circumstance and, apparently, did not plan for it.

Moreover, despite the Court's ordered deadlines, counsel *chose* to not to comply. Exactly why they believed that not conducting discovery for an extended period would result in them completing discovery in a timely fashion is not explained in the stipulation.

Finally, despite counsel's assertion that the trial date would not be impacted by the extensions of the deadlines they seek, they do not acknowledge that doing modifying the schedule would mean that dispositive and non-dispositive motions would have to be filed before the close of discovery or, if these dates were moved too, that there would be insufficient time for the Court to hear and decide the motions before the pre-trial conference.[2]

///

///

///

///

///

///

///

---

[1] Indeed, the Court ordered at that time, "The parties SHALL complete their discovery obligations within the deadlines imposed by the scheduling order." (Doc. 15)

[2] Judge Drozd hears civil motions only two days per month. Also, he needs four weeks to decide dispositive motions, from the date of the hearing, ten weeks between the motion date and the pretrial conference and eight weeks between the pretrial conference and the trial. Thus, counsel's proposed schedule simply does not work for the Court.

**IV.    Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1.    The stipulation to amend the scheduling order (Doc. 17) is **DENIED**.

IT IS SO ORDERED.

Dated:    **April 30, 2018**                    **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE