Michael S. Morrison (Bar No. 205320)
Amelia Alvarez (Bar No. 310044)
**Alexander Krakow + Glick LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone:  (310) 394-0888
Facsimile:   (310) 394-0811

Attorneys for Plaintiff
KARINA RUIZ

Stefan H. Black, Bar No. 284499
sblack@fordharrison.com
Shanda Y. Lowe, Bar No. 278602
slowe@fordharrison.com
**FORD & HARRISON LLP**
350 South Grand Avenue, Suite 2300
Los Angeles, CA  90071
Telephone:  213-237-2400
Facsimile:   213-237-2401

Attorneys for Defendants
WAL-MART STORES, INC. and
WAL-MART ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARINA RUIZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., WAL-MART ASSOCIATES, INC., and DOES 1-15,<br><br>Defendant. | Case NO. 1:17-cv-00812 DAD (JLTx)<br><br>[Hon. Dale A. Drozd]<br><br>**JOINT STIPULATION REQUESTING APPROVAL OF PRIVATE ATTORNEY GENERAL ACT SETTLEMENT (LABOR CODE § 2698 ET SEQ.) AND DISMISSAL OF ENTIRE ACTION; [PROPOSED] ORDER**<br><br>Action Filed:    May 12, 2017<br>Date of Removal: June 16, 2017<br>Trial Date:      March 26, 2019 |

Pursuant to California Labor Code § 2699(l), Plaintiff Karina Ruiz ("Plaintiff") and Defendants Walmart Inc. (formerly known as Wal-Mart Stores, Inc.) and Wal-Mart Associates, Inc. (collectively, "Defendants" or "Walmart") jointly

WSACTIVELLP:10125735.1    -1-    JOINT STIPULATION REQUESTING APPROVAL OF PAGA SETTLEMENT

/CASE NO. 1:17-CV-00812 DAD (JLTx)    JOINT STIPULATION REQUESTING APPROVAL OF PAGA SETTLEMENT
DOCUMENT PRINTED ON RECYCLED PAPER

request that this Court approve the settlement of Plaintiff's claim under the Private Attorneys General Act, Cal. Labor Code § 2698 *et seq.* ("PAGA") and dismiss this matter in its entirety as settled. In support of this request, the Parties stipulate and agree as follows:

## **BACKGROUND**

1. On May 12, 2017, Plaintiff filed a Complaint against Defendants, now pending in the United States District Court, Eastern District of California, Case No. 1:17-cv-00812 DAD (JLTx) ("the Action" or "Lawsuit") alleging the following causes of action: (1) Pregnancy Discrimination in Violation of the Fair Employment & Housing Act ("FEHA"); (2) Violation of Pregnancy Disability Leave in violation of FEHA; (3) Disability Discrimination in Violation of FEHA; (4) Retaliation in Violation of FEHA; (5) Failure to Prevent Discrimination in Violation of FEHA; (6) Failure to Engage in the Interactive Process in Violation of FEHA; (7) Failure to Accommodate in Violation of FEHA; (8) Violation of Healthy Workplaces, Healthy Families Act of 2014; (9) Waiting Time Penalties; (10) Interference in violation of California Family Rights Act ("CFRA"); (11) Retaliation in Violation of CFRA; (12) Wrongful Termination in Violation of Public Policy; (13) Private Attorneys General Act; and (14) Unfair Business Practices in violation of Cal. Bus. & Prof. Code 17200, et seq.

2. Plaintiff's PAGA claim is predicated on the following allegations: (1) Walmart violated Labor Code § 203 by not paying Plaintiff and other similarly-situated associates all accrued and unused vacation upon her/their termination; and (2) Walmart violated the Healthy Workplaces Healthy Families Act of 2014 ("HWHFA") and California Labor Code § 233 ("Kin Care") by assessing Plaintiff and other similarly-situated associates attendance occurrences for absences she/thy claim(s) were caused by a pregnancy-related disability.

3. Walmart denies engaging in any unlawful activity and denies any and all liability to Plaintiff and the coworkers she contends to represent. Walmart's

Ford & Harrison LLP
Attorneys At Law
Los Angeles

WSACTIVELLP:10125735.1     -2-     JOINT STIPULATION REQUESTING APPROVAL OF PAGA SETTLEMENT
/Case No. 1:17-cv-00812 DAD (JLTx)

DOCUMENT PRINTED ON RECYCLED PAPER

1  position is that it paid Plaintiff and the other allegedly aggrieved associates all
2  accrued and unused vacation on their respective last day of employment, that Plaintiff
3  and the allegedly aggrieved associates were provided all leave to which they were
4  entitled under the HWHFA and Kin Care, and that it did not assess any associate
5  points for any absence protected by either the HWHFA or Kin Care.

6      4.    Nothing in this Stipulation shall be deemed an admission of liability,
7  culpability, or wrongdoing on the part of any Party.

## DISCOVERY

9      5.    To evaluate the merits of Plaintiff's claims, the Parties each conducted
10 an extensive investigation and engaged in a substantial amount of discovery.
11 (Declaration of Michael Morrison ¶ 3; Declaration of Stefan H. Black ¶ 3.)

12     6.    Walmart responded to 51 Requests for Production of Documents, 32
13 Requests for Admission, and 4 Special Interrogatories, and produced 1817 pages of
14 documents. (Morrison Decl. ¶ 4; Black Decl. ¶ 4.)

15     7.    Plaintiff responded to 55 Requests for Production, and 19 Special
16 Interrogatories, and produced 589 pages of documents. (Morrison Decl. ¶ 5; Black
17 Decl. ¶ 5.)

18     8.    Walmart deposed Plaintiff on May 11, 2018 and May 21, 2018.
19 (Morrison Decl. ¶ 6; Black Decl. ¶ 6.)

20     9.    Plaintiff took five depositions, including Walmart's corporate
21 representative. (Morrison Decl. ¶ 7; Black Decl. ¶ 7.)

## SETTLEMENT DISCUSSIONS

23     10.    The Instant Settlement was the result of an arms-length negotiation. The
24 Parties were each zealously represented by competent legal counsel who have a
25 combined total of over 20 years of legal experience litigating employment and wage-
26 and-hour disputes. (Morrison Decl. ¶ 8, Black Decl. ¶ 8.) Each Party diligently and
27 independently investigated the merits of Plaintiff's claims and conducted extensive
28 discovery – including responding to written discovery requests, reviewing almost two

Ford & Harrison LLP
Attorneys At Law
Los Angeles

WSACTIVELLP:10125735.1 -3- JOINT STIPULATION REQUESTING APPROVAL OF PAGA SETTLEMENT
/Case No. 1:17-cv-00812 DAD (JLTx)

DOCUMENT PRINTED ON RECYCLED PAPER

thousand pages of documents, and taking/defending seven depositions. (Morrison Decl. ¶¶ 3-7, Black Decl. ¶¶ 3-7.) The Settlement Agreement is the "product of extensive and hard-fought adversarial negotiations between the Parties" with the assistance of an experienced and highly-regarded mediator and is entitled to a presumption of fairness. *See Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 245 (2001); *Satchell v. Fed. Express Corp.*, Case No. C03-2658 SI, 2007 U.S. Dist. LEXIS 99066 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive").

11. On January 18, 2018 and then again on August 22, 2018, the Parties participated in full-day mediations with Todd Smith, a highly-respected mediator with a substantial amount of experience resolving employment disputes. (Morrison Decl. ¶ 9, Black Decl. ¶ 9.) During the mediations, the Parties discussed the case at length, including the risks and delays of further litigation, the risks to both Parties of proceeding with trial, the evidence adduced during discovery, and the law governing the claims asserted as described in further detail below. (Morrison Decl. ¶ 10, Black Decl. ¶ 10.)

12. At the end of the second day of mediation, Mr. Smith submitted a "mediator's proposal," which the Parties ultimately accepted. (Morrison Decl. ¶ 11, Black Decl. ¶ 11.)

13. The Parties entered into a long-form settlement agreement on October 18, 2018 resolving both Plaintiff's individual claims and her PAGA representative claim. (Morrison Decl. ¶ 12, Black Decl. ¶ 12.)

14. While the terms of the Parties' Settlement Agreement are confidential, the Parties recognize that the public's interest in ensuring the Court's proper administration of the PAGA settlement approval procedure requires the disclosure of the amount of the Settlement Payment that is allocated to Plaintiff's PAGA claim. As such, while maintaining the confidentiality of the remaining portions of the Settlement Agreement, the Parties represent that they agreed to allocate $0 in

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:10125735.1
/CASE NO. 1:17-CV-00812 DAD (JLTX)
-4-
JOINT STIPULATION REQUESTING APPROVAL OF PAGA SETTLEMENT

DOCUMENT PRINTED ON RECYCLED PAPER

settlement of Plaintiff's PAGA claim. The trial court does not abuse its discretion in approving of a case involving PAGA claims even when the settlement allocates none of the settlement payment to PAGA claims. *Nordstrom Commission Cases*, 186 Cal. App. 4th 576, 589 (2010).

15. The relevant language from the Settlement Agreement reads as follows:

> **DISMISSAL OF PAGA ACTION:** The Parties acknowledge and agree that one of the claims alleged in the Lawsuit is a claim for penalties under the Private Attorneys General Act ("PAGA"), California Labor Code § 2699 *et seq.* RUIZ's PAGA claim is predicated on the following allegations: (1) that she did not receive all accrued and unused paid time off on her last day of employment in violation of California Labor Code § 203; and (2) that she did not receive all paid sick leave to which she was entitled under the Healthy Workplaces, Healthy Families Act of 2014 ("HWHFA"). The Parties allocate ZERO DOLLARS AND NO/100 CENTS ($0.00) of the settlement sum to RUIZ's PAGA claim. *During the course of this lawsuit, Walmart presented RUIZ with documents it contends establish that RUIZ was paid all accrued but unused paid time off on her last day of employment and that she received all paid sick leave to which she was entitled under the HWHFA.* Moreover, in February 2018, the United States District Court for the Eastern District of California issued a decision stating that a plaintiff may not recover PAGA penalties for an employer's purported violation of the HWHFA. *See Stearne v. Heartland Payment Sys.*, Case No. 2:17-cv-01181-MCE-CKD, 2018 U.S. Dist. LEXIS 20679 (E.D. Cal. Feb. 6, 2018). Accordingly, Walmart contends that no claim for penalties under PAGA or the HWHFA is valid. *RUIZ acknowledges that PAGA claims must be brought on a representative basis and, after completing discovery, determined there was no evidence of other violations as to other aggrieved employees….* (emphasis added)

(Morrison Decl. ¶ 13, Black Decl. ¶ 13.)

## RELEVANT FACTORS WEIGH IN FAVOR OF APPROVING SETTLEMENT

16. Counsel for the Parties contend the settlement of Plaintiff's PAGA claim should be approved because it is fair, adequate and reasonable. (Morrison Decl. ¶ 14, Black Decl. ¶ 14.) *See Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988) (opinion of experienced counsel is entitled to considerable weight).

/ / /

WSACTIVELLP:10125735.1 -5- JOINT STIPULATION REQUESTING APPROVAL OF PAGA SETTLEMENT
/CASE NO. 1:17-CV-00812 DAD (JLTX)
FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES
DOCUMENT PRINTED ON RECYCLED PAPER

17. In support of this conclusion, the Parties' counsel evaluated factors regarding the risks and reasons for settlement as set forth below:

a. Plaintiff's core claims in this action were the claims alleging violation of the Fair Employment and Housing Act and Wrongful Termination in Violation of Public Policy. From Plaintiff's perspective, these claims were the primary focus of the case and the core claims alleged. As is often the case in employment-related claims, Plaintiff also plead additional claims, including those for alleged violations of the Labor Code and HWHFA.

b. During the course of this lawsuit, Defendants presented Plaintiff with documents showing that Plaintiff was paid all accrued but unused paid time off on her last day of employment and that she received all paid sick leave to which she was entitled under the HWHFA. See *Holak v. K Mart Corp.*, Case No. 1:12-cv-00304-AWI-MJS, 2015 U.S. Dist. LEXIS 65439 (E.D.Cal. May 19, 2015) ("Because Plaintiff is not aggrieved by any of the specific Labor Code violations alleged in the PAGA claim, she does not have standing to maintain this PAGA action.").

c. Plaintiff determined there was no evidence of other violations as to other aggrieved employees.

d. Counsel for Plaintiff and the allegedly aggrieved employees ("PAGA Counsel"), also considered the specific arguments advanced by Defendants in order to evaluate the appropriate settlement value of Plaintiff's PAGA claim. While PAGA Counsel disagrees that Defendants' arguments are legally correct or persuasive, he considered how they might impact any judgment ultimately awarded if the Court were persuaded by them. Ultimately, in light of the following arguments and the potential risks, PAGA Counsel determined that the Settlement was fair and reasonable. (Morrison Decl. ¶ 15.)

i. Defendants argued that Plaintiff cannot maintain a PAGA claim because there is no evidence of a common policy or practice that denied any other associate pay for all accrued and unused wages on their last day of employment or that denied paid sick leave to which any other associate was entitled under the

WSACTIVELLP:10125735.1 -6- JOINT STIPULATION REQUESTING APPROVAL OF PAGA SETTLEMENT

/CASE NO. 1:17-CV-00812 DAD (JLTX)

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

DOCUMENT PRINTED ON RECYCLED PAPER

HWHFA. According to Defendants, the only evidence of wrongdoing is Plaintiff's highly individualized and anecdotal evidence that certain supervisors knew of her request for paid sick leave and denied her request despite her right to use accrued sick days, which Defendants contend is insufficient to maintain a PAGA claim. *See, e.g., Amey v. Cinemark USA, Inc.,* No. 13-05669, 2015 U.S. Dist. LEXIS 63524 (N.D. Cal. May 13, 2015) (striking PAGA claim because the evidence showed that numerous individualized determinations would be necessary to determine whether any class member has been injured).

ii. Defendants argued that there is authority from the United States District Court for the Eastern District of California as of February 2018 indicating that a plaintiff may not recover PAGA penalties for an employer's purported violation of the HWHFA. *See Stearne v. Heartland Payment Sys.*, Case No. 2:17-cv-01181-MCE-CKD, (E.D. Cal. Feb. 6, 2018) 2018 U.S. Dist. LEXIS 20679 (granting employer's motion to dismiss plaintiff's claims under PAGA for the employer's purported violations of the HWHFA).

iii. PAGA Counsel also took into account that even if Plaintiff prevailed on the merits of her PAGA claim, Defendants could persuasively argue that the Court has complete discretion, under Labor Code § 2699(e), to "award a lesser amount than the maximum civil penalty amount specified [by PAGA] if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory." PAGA counsel anticipated that, at trial, Defendants could make a potentially persuasive argument that the Court should exercise discretion to reduce any PAGA penalties assessed should on the basis that (1) Defendants did not act knowingly or intentionally; (2) any errors in payment were not intentional and only the result of oversight or mistake; (3) until this lawsuit was filed, no employees had complained; (4) none of Defendants' employees suffered any harm from or actual damage as a result of the conduct that forms the basis for Plaintiff's allegations.

Ford & Harrison LLP
Attorneys At Law
Los Angeles

WSACTIVELLP:10125735.1         -7-         JOINT STIPULATION REQUESTING APPROVAL OF PAGA SETTLEMENT
/Case No. 1:17-cv-00812 DAD (JLTx)

DOCUMENT PRINTED ON RECYCLED PAPER

  e. In the estimation of each Party's counsel, the delay, inconvenience, distraction, and uncertainty imposed by these litigation demands would far outweigh the potential benefits of additional litigation.

 18. Pursuant to Labor Code Section 2699 (l), the Parties are required to obtain court approval of the penalties provided for in the settlement of a PAGA claim and therefore file the instant Joint Stipulation.

 IT IS HEREBY STIPULATED AND PROPOSED BY THE PARTIES HERETO AS FOLLOWS:

 The Parties stipulate and jointly propose that the Court enter an order:

 1. Approving the Parties' settlement for purposes of Labor Code § 2699(l).

 2. Dismissing this lawsuit in its entirety as settled pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

DATED: November 7, 2018  Respectfully submitted,

           ALEXANDER KRAKOW + GLICK, LLP

           By:/s/ Michael Morrison
            Michael Morrison
            Amelia Alvarez
            Attorneys for Plaintiff KARINA RUIZ

DATED: November 7, 2018  Respectfully submitted,

           FORD & HARRISON LLP

           By:*/s/* Stefan H. Black
            Stefan H. Black
            Shanda Y. Lowe
            Attorneys for Defendants WAL-MART STORES, INC. and WAL-MART ASSOCIATES, INC.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:10125735.1 -8- JOINT STIPULATION REQUESTING APPROVAL OF PAGA SETTLEMENT
/CASE NO. 1:17-CV-00812 DAD (JLTX)

DOCUMENT PRINTED ON RECYCLED PAPER

# **PROPOSED ORDER**

After considering the stipulation submitted by the parties and good cause appearing, it is hereby ORDERED:

1. The Parties' settlement is approved for purposes of Labor Code § 2699(l).
2. The above-captioned lawsuit is dismissed in its entirety as settled pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Date: _____         _____
                                   Dale A. Drozd
                                   United States District Court Judge

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:10125735.1 -9- JOINT STIPULATION REQUESTING APPROVAL OF PAGA SETTLEMENT
/CASE NO. 1:17-CV-00812 DAD (JLTX)

DOCUMENT PRINTED ON RECYCLED PAPER