1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARINA RUIZ, | No. 1:17-cv-00812-DAD-JLT |
| Plaintiff, | |
| v. | ORDER APPROVING SETTLEMENT OF PAGA CLAIMS |
| WAL-MART STORES, et al., | (Doc. No. 19) |
| Defendants. | |

On November 7, 2018, plaintiff Karina Ruiz and defendants Walmart Inc. (formerly known as Wal-Mart Stores, Inc.) and Wal-Mart Associates, Inc. filed a joint stipulation with the court requesting approval of the settlement of plaintiff's claim brought under the Private Attorneys General Act, California Labor Code § 2698 *et seq.* ("PAGA"). (Doc. No. 19.) The parties' joint stipulation also requests the dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (*Id.*)

A hearing on the parties' request was held on December 18, 2018. Attorney Michael Morrison appeared telephonically on behalf of plaintiff, and attorneys Stefan Black and Shanda Lowe appeared telephonically on behalf of defendants. Having considered the parties' request and heard oral argument, and for the reasons set forth below, the court will grant the request for approval of the settlement of plaintiff's PAGA claim.

/////

1

**BACKGROUND**

On May 12, 2017, plaintiff commenced this action by filing a complaint in the Kern County Superior Court.  The complaint presented the following claims:  (1) pregnancy discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) violation of pregnancy disability leave under California Government Code § 12945, *et. seq.*; (3) disability discrimination in violation of the FEHA; (4) retaliation in violation of the FEHA; (5) failure to prevent and remedy discrimination and retaliation in violation of the FEHA; (6) failure to engage in the interactive process in violation of the FEHA; (7) failure to provide reasonable accommodation in violation of the FEHA; (8) violation of the Healthy Workplaces, Healthy Families Act ("HWHFA") of 2014; (9) waiting time penalties pursuant to California Labor Code §§ 201, 202, 203; (10) interference in violation of the California Family Rights Act ("CFRA"); (11) retaliation in violation of the CFRA; (12) wrongful termination in violation of public policy; (13) violation of the PAGA; and (14) unfair business practices in violation of California Business & Professions Code § 17200, *et. seq.*  (*See* Doc. No. 1-3.)  On June 16, 2017, defendants removed the action to this federal court.  (Doc. No. 1.)

Plaintiff's PAGA claim is premised on the complaint's allegations that plaintiff:  (1) did not receive all accrued and unused paid time off on her last day of employment in violation of California Labor Code § 203; and (2) did not receive all paid sick leave to which she was entitled under the HWHFA.  (Doc. No. 19 at ¶ 15.)  Discovery conducted in this action, however, revealed that plaintiff was paid all accrued but unused paid time off on her last day of employment, and that she received all paid sick leave to which she was entitled under the HWHFA.  (Doc. No. 19 at ¶ 17.)  In addition, after completing discovery, plaintiff determined there was no evidence of any other violations as to other aggrieved employees.  (Doc. No. 19 at ¶ 17.)

On October 18, 2018, after engaging in two full days of mediation, the parties executed a settlement agreement in this action that resolved both plaintiff's individual claims and her PAGA representative claim.  (Docs. Nos. 19-1 ¶ 12; 22 ¶ 12.)  The settlement agreement allocates zero dollars to plaintiff's PAGA claim.  (Doc. No. 19 at ¶ 14.)  At the hearing, plaintiff's counsel

represented that the parties are seeking to dismiss only the PAGA claim brought by plaintiff on her own behalf and are not seeking the resolution of any other aggrieved employee's potential claims. Thus, no PAGA penalties are to be paid as part of the settlement and no one's PAGA claims are being released except for plaintiff's own.

## LEGAL STANDARD

In 2003, the California Legislature enacted the Private Attorney General Act, California Labor Code §§ 2698 et seq., after declaring (i) that adequate financing of labor law enforcement was necessary to achieve maximum compliance; (ii) that staffing levels for state labor law enforcement agencies have declined and were unable to keep up with a growing labor market; (iii) that vigorous assessment and collection of civil penalties provides a meaningful deterrent to unlawful conduct; and (iv) that it was therefore in the public interest to allow aggrieved employees, acting as private attorneys general, to seek and recover civil penalties for Labor Code violations. 2003 Cal. Stat. 6629. Under PAGA, an "aggrieved employee" may bring an action for civil penalties for labor code violations on behalf of herself and other current or former employees. Cal. Lab. Code § 2699(a).[1] A plaintiff suing under PAGA "does so as the proxy or agent of the state's labor law enforcement agencies." *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009).

The PAGA statute requires trial courts to "review and approve" any settlement of PAGA claims. Cal. Lab. Code § 2699(*l*)(2).[2] In the absence of authority governing the standard of review of PAGA settlements, the LWDA has in one action provided some guidance to the court. *See* California Labor and Workforce Development Agency's Comments on Proposed PAGA Settlement, *O'Connor v. Uber Techs., Inc.*, No. 3:13-cv-03826-EMC (N.D. Cal. Jul. 29, 2016),

---

[1] An "aggrieved employee" is defined as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." Cal. Lab. Code § 2699(c).

[2] The proposed settlement must also be submitted to the California Labor and Workforce Development Agency ("LWDA") at the same time it is submitted to the court. *Id.*

3

1  ECF No. 736 at 2–3.[3]  There, where both class action and PAGA claims were covered by a

2  proposed settlement, the LWDA stressed that

3  
> when a PAGA claim is settled, the relief provided for under the
> PAGA be genuine and meaningful, consistent with the underlying
> purpose of the statute to benefit the public and, in the context of a
> class action, the court evaluate whether the settlement meets the
> standards of being "fundamentally fair, reasonable, and adequate"
> with reference to the public policies underlying the PAGA.

7  *Id.*; *see also* Order, *Salazar v. Sysco Cent. Cal., Inc.*, No. 1:15-cv-01758-DAD-SKO (E.D. Cal.

8  Feb. 2, 2017), Doc. No. 25 at 4 (citing the same with approval); *O'Connor v. Uber Techs., Inc.*,

9  201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016) (same).

10  Recognizing the distinct issues presented by class actions, this court is nevertheless

11  persuaded by the LWDA's reasoning expressed in *O'Connor* and therefore adopts its proposed

12  standard in evaluating the PAGA-related settlement agreement now before the court.

13  Accordingly, the court will approve a settlement of PAGA claims upon a showing that the

14  settlement terms (1) meet the statutory requirements set forth by PAGA, and (2) are

15  fundamentally fair, reasonable, and adequate[4] in view of PAGA's public policy goals.

16  **DISCUSSION**

17  Here, the proposed settlement of plaintiff's PAGA claim is appropriate and will be

18  approved.  In accordance with the statute's requirements, plaintiff submitted notices of the alleged

19  Labor Code violations to both the LWDA and defendant prior to bringing this action.  (*See* Doc.

20  No. 1-3 at ¶ 143.)  Furthermore, the parties represent that they arrived at the settlement agreement

21  after discovery revealed that plaintiff's PAGA claim lacked merit and that imposition of PAGA

22  

23  [3]  *See also id.* at 3 ("The LWDA is not aware any existing case law establishing a specific

24  benchmark for PAGA settlements, either on their own terms or in relation to the recovery on
other claims in the action.").

25  [4]  The court's determination as to fairness, reasonableness, and adequacy may involve a balancing

26  of several factors including but not limited to the following:  the strength of plaintiffs' claims; the
risk, expense, complexity, and likely duration of further litigation; the amount offered in

27  settlement; the extent of discovery completed, and the stage of the proceedings; and the
experience and views of counsel.  *See Officers for Justice v. Civil Service Com'n of City and*

28  *County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

4

penalties or damages is therefore inappropriate here.  (*See* Docs. Nos. 19-1 ¶¶ 3–13; 22 ¶¶ 3–13.)  Under the proposed settlement agreement, no individual's PAGA claims are released except for plaintiff's own.  The parties have also provided a copy of their settlement agreement to the LWDA.  (*See* Doc. No. 23.)  The settlement agreement explicitly states that plaintiff is not recovering any amount for the claim brought under PAGA.  (*See* Doc. No. 19 at ¶ 14.)  To date, the LWDA has not commented on or objected to the settlement.  Having reviewed the parties' submission and the terms of the proposed settlement, the court finds that the settlement agreement, as it relates to plaintiff's PAGA claim, is fair, reasonable, and adequate in light of the public policy goals of PAGA.

## CONCLUSION

Accordingly,

1. The parties' settlement agreement is approved with respect to plaintiff's PAGA claim;

2. Plaintiff is directed to submit a copy of this order to the LWDA within ten days of the date of this order;

3. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and the parties' joint stipulation for dismissal (Doc. No. 19), filed November 7, 2018, this action has been dismissed with prejudice; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  __**January 8, 2019**__                      _____

UNITED STATES DISTRICT JUDGE